UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN MICHAEL DICHIARA, et
al.,

Defendants.

No. 2:15-cr-00190-GEB

**ORDER**

On September 1, 2017, Defendant George B. Larsen filed
an "Application for Subsistence During Trial," in which he seeks
funds for hotel accommodations for the duration of his impending
trial scheduled to commence on September 12, 2017. Mot. 2:9-11,
ECF No. 207. Larsen argues in his motion:

> Mr. Larsen has no one in the local Sacramento
> area with whom he can stay for the duration
> of the trial. Undersigned counsel needs to
> meet with the defendant for trial preparation
> purposes beginning on September 10, 2017.
> Because he lives on the east coast, Mr.
> Larsen will need to travel to our district at
> least the day before counsel will meet with
> him, which is September 9, 2017 . . . .

> The defendant lives in Portsmouth, New
> Hampshire, with his elderly mother for whom
> he provides care. He is indigent and unable
> to afford the costs of acquiring a hotel room
> for the entirety of the proceedings, and
> needs assistance from the court to authorize
> payment of funds for his accommodations.

> . . . Counsel is requesting use of
> these funds pursuant to 18 U.S.C.
> § 3006A(e)(1) of the Criminal Justice

1

Act . . . .

Id. at 2:14–3:14.

The pertinent section of the Criminal Justice Act ("CJA") states:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1).

Notwithstanding Larsen's request under the CJA, the undersigned judge contacted the Pretrial Service's Office about whether that Office could satisfy the request. The Pretrial Service's Office opines it lacks statutory authority to satisfy the request.

Larsen is an indigent defendant, see CJA 23 Financial Aff. for Def. George B. Larsen, ECF No. 76, and "he has no one in the local Sacramento area with whom he can stay for the duration of the trial," Mot. 2:14–15. Even though the CJA appears ill-fitted to satisfy Larsen's request, Congress has failed to provide a more adequate solution.

Therefore, extraordinary circumstances exist to justify granting Larsen's request under the provision the CJA on which Larson relies. See United States v. Navarrete, No. 2:09-CR-00543 EFB, at 1:27-28 (E.D. Cal. June 3, 2011), ECF No. 124 (authorizing "the reasonable cost of a hotel room for the

duration of the trial" pursuant to 18 U.S.C. § 3006A(e)(1)).

Accordingly, counsel is authorized to make arrangements under the CJA sufficient to furnish George B. Larsen with the reasonable cost of a hotel room for the duration of the trial. This order issues under 18 U.S.C. § 3006A(e)(1) of the Criminal Justice Act. "Counsel must, however, provide proof of payment and all documentation as required for any other expense under the Criminal Justice Act and the amount expended must be reasonable and is only to include hotel costs." Id. at 2:5-9.

Dated: September 6, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge