UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    No. 2:15-cr-00190-GEB

         Plaintiff,

    v.                                       **AMENDED PROPOSED CLOSING JURY
                                             INSTRUCTIONS**
GEORGE LARSEN, et. al.,

         Defendants.

        The proposed closing jury instructions docketed as ECF No. 240 are amended in accordance with the United States's Proposed Jury Instructions (Superseding) docketed as ECF No. 283. The amended proposed jury instructions are attached.

        The words "falsely making bonds and obligations of certain lending agencies or" have been deleted from lines 14 and 15 of the United States's proposed jury instruction on page 44 to reflect consistency with its deletion of those words elsewhere in this instruction. This change is reflected in attached Instruction No. 26.

        The bracketed optional language shall be clarified by a party or the parties as soon as feasible.

        Trial will commence at 9:00 a.m. on November 28, 2017.

        Dated:  November 21, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you now possesses a copy of these instructions that you may take to the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

   The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the United States proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence to prove innocence. The United States has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that any of the defendants did not testify.

INSTRUCTION NO. 4

Defendant [NAME] has testified. You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the United States prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants guilty.

INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.   Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers and parties have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 10

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 11

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific count.

INSTRUCTION NO. 12

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendants. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendants.

INSTRUCTION NO. 13

The indictment charges that a crime was committed "on or about" a certain date. The United States does not have to prove that the crime occurred on an exact date. The United States only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

13

INSTRUCTION NO. 14

You have heard testimony from [name of witness], a witness who received immunity. That testimony was given in exchange for a promise by the United States that the testimony will not be used in any case against the witness. For this reason, in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by this factor. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

INSTRUCTION NO. 15

You have heard testimony from [name of witness], who pleaded guilty to a crime arising out of the same events for which the defendants are on trial. This guilty plea is not evidence against the defendants, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by this factor. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

INSTRUCTION NO. 16

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 17

2        Certain charts and summaries have been admitted in

3   evidence. Charts and summaries are only as good as the underlying

4   supporting material. You should, therefore, give them only such

5   weight as you think the underlying material deserves.

The defendants are charged in Count One of the indictment with conspiring to falsely make lending association writings and to commit bank fraud, in violation of Section 371 of Title 18 of the United States Code. In order for each of the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about April 22, 2010, and ending on or about November 18, 2011, there was an agreement between two or more persons to commit at least one crime as charged in the indictment—to wit, to falsely make lending association writings or to commit bank fraud;

Second, each of the defendants became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after April 22, 2010, for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find

1  that there was a plan to commit at least one of the crimes

2  alleged in the indictment as an object of the conspiracy with all

3  of you agreeing as to the particular crime which the conspirators

4  agreed to commit.

5       One becomes a member of a conspiracy by willfully

6  participating in the unlawful plan with the intent to advance or

7  further some object or purpose of the conspiracy, even though the

8  person does not have full knowledge of all the details of the

9  conspiracy. Furthermore, one who willfully joins an existing

10 conspiracy is as responsible for it as the originators. On the

11 other hand, one who has no knowledge of a conspiracy, but happens

12 to act in a way which furthers some object or purpose of the

13 conspiracy, does not thereby become a conspirator. Similarly, a

14 person does not become a conspirator merely by associating with

15 one or more persons who are conspirators, nor merely by knowing

16 that a conspiracy exists.

17      An overt act does not itself have to be unlawful. A

18 lawful act may be an element of a conspiracy if it was done for

19 the purpose of carrying out the conspiracy. The government is not

20 required to prove that the defendant personally did one of the

21 overt acts.

22

23

24

25

26

27

28

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 20

Because one of the objects of the conspiracy charged in Count One is falsely making a writing of certain lending associations, in violation of Section 493 of Title 18 of the United States Code, I will instruct you on the elements of falsely making a writing of certain lending associations. However, the United States is not required to prove any element of falsely making a writing of certain lending associations unless I have included that element in the conspiracy instruction I have already provided to you. Nor is the United States required to prove that falsely making a writing of certain lending associations actually occurred. The elements of falsely making a writing of certain lending associations are:

First, a person falsely made, forged, counterfeited, or altered a note, obligation, instrument or writing; and

Second, said document was made in imitation or purporting to be in imitation of a note, obligation, instrument or writing of any land bank, intermediate credit bank, insured credit union, bank for cooperatives or any lending, mortgage, insurance or savings and loan corporation or association authorized or acting under the laws of the United States.

A bank that is insured through the federal deposit insurance corporation is a bank that is authorized or acting under the laws of the United States.

INSTRUCTION NO. 21

Defendant George Larsen is charged in Counts Nineteen, Twenty, Twenty-Three, Twenty-Four, and Thirty-Three; and defendant Larry Todt is charged in Count Thirty-One of the indictment with bank fraud in violation of Section 1344(1) of Title 18 of the United States Code. In order for each of the defendants to be found guilty of that charge, the government must prove each of the following beyond a reasonable doubt:

First, each of the defendants knowingly executed, or attempted to execute, a scheme to defraud a financial institution as to a material matter;

Second, each of the defendants did so with the intent to defraud the financial institution; and

Third, the financial institution was insured by the Federal Deposit Insurance Corporation or was a mortgage lending business.

The phrase "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive, cheat, or deprive a financial institution of something of value. It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud. It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution. Finally, it is not necessary for the government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

An intent to defraud is an intent to deceive or cheat.

An attempt to commit bank fraud requires the intent to commit bank fraud, as described above, as well as a substantial step by that defendant toward committing bank fraud. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

A mortgage lending business means an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.

INSTRUCTION NO. 22

Whether the financial institution acted prudently is irrelevant to whether the defendant acted with the intent to defraud that financial institution.

INSTRUCTION NO. 23

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

INSTRUCTION NO. 24

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

You may find that a defendant acted knowingly if you find beyond a reasonable doubt that a defendant:

1. Was aware of a high probability that the recorded documents prepared by or signed by, or caused to be prepared by the defendant contained false statements, and

2. Deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the recorded documents did not contain false statements or if you find that the defendant was simply careless.

INSTRUCTION NO. 26

A defendant may be found guilty of bank fraud, in violation of Title 18, United States Code Section 1344(1), even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of bank fraud by aiding and abetting, the United States must prove each of the following beyond a reasonable doubt:

First, bank fraud was committed by someone;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of bank fraud;

Third, the defendant acted with the intent to facilitate bank fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit bank fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The United States is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 27

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 28

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 29

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 30

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

INSTRUCTION NO. 31

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.