UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-190-GEB |
|---|---|
| Plaintiff, | |
| v. | **AMENDED VOIR DIRE** |
| GEORGE LARSEN, et. al., | |
| Defendants. | |

Good morning and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy Clerk is Shani Furstenau. Next to her is the Certified Court Reporter. Ms. Furstenau, please administer the oath to the prospective jurors.

We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror. After questioning is complete, the parties will exercise what is known as peremptory challenges.

1. Parties, the Jury Administrator has already randomly selected potential jurors and their names are on the

sheet you have been given in the order of the random selection. Each potential juror has been given a large laminated card on which the number is placed showing the order in which the potential juror was randomly selected.

2. I will ask the potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, the potential juror with the lowest number will respond first. If no laminated card is raised, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That could expedite the process.

3. If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors. I'm authorized to try to protect legitimate privacy interests, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4. The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately 6 court days, after which the case will be submitted to the jury for jury deliberation. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury

deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations. Does the schedule pose a special problem for any prospective jury?

5. I will now state the names of the parties and certain persons seated at the tables in the well of the courtroom for the purpose of ascertaining if you know and/or have had contact with a person named or referenced. Seated at the table closest to the jury box are Assistant United States Attorneys Audrey Hemesath and Todd Pickles, the lawyers representing the United States. Also seated at that table is Virginia Waldrop, a paralegal specialist in the United States Attorney's Office, and Special Agents Jonathan Fairbanks and Matthew Weissenborn from the Federal Bureau of Investigation. The Defendants in this case are George Larsen and Larry Todt. Attorney Dustin Johnson represents George Larsen. Larry Todt has elected not to be represented by an attorney. Jason Lawley is seated in the well of the courtroom.

    a. Do you know and or have you had any contact with a person just named?

6. I will now ask one of the prosecutors to name the anticipated witnesses the United States may call so it can be determined whether any potential juror knows or has had contact with a person named.

    a. Do you know and or have you had any contact with a person just named?

7. This is a criminal case brought by the United States against defendants. Defendants George Larsen and Larry Todt are charged with one count of conspiracy to commit bank

3

fraud and falsely making financial institution documents. George Larsen is also charged with four counts of bank fraud. Larry Todt is also charged with one count of bank fraud. The indictment alleges that, beginning no later than April 22, 2010 and continuing through at least November 18, 2011, in the Eastern District of California and elsewhere, the defendants conspired among themselves and with others to file fraudulent documents, including those purporting to be from financial institutions, at county recorders' offices for the purpose of depriving financial institutions of their secured interest in real properties and for the profit of the defendants. Each defendant has pleaded not guilty to all of the charges.

    8. Have you read or seen anything about the charges in this case?

        a. If so, is there anything about what you may have read or seen which would affect your ability to consider only the evidence that you hear in court and to be fair and impartial to both sides?

    9. In light of the allegations, does any potential juror prefer not being a juror on this case?

    10. Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

    11. Is there any reason why you would not be able to be a juror and/or to give your full attention to this case?

    12. Have you, any member of your family, or any close friend been arrested for a crime or been the defendant in a

4

criminal case?

  13. Do you have any religious or moral objection to sitting in judgment of another's conduct in a court of law?

  14. Certain allegations in this case allege that a church entity and/or a spiritual organization was used in connection with charged fraudulent activities. Will such allegations interfere with your ability to be a fair and impartial juror?

  15. Have you had dealings with any financial institution that would interfere with your ability to be a fair and impartial juror on this case, in light of allegations that defendants conspired to defraud such institutions?

  16. Have you ever served as a juror in the past, in any capacity?

    a. State whether it was a civil or criminal case, and whether the jury reached a verdict, but do not state the actual verdict reached.

  17. Would you tend to believe the testimony of a witness just because of that witness's present or former status as a law enforcement officer?

  18. Would you tend to disbelieve the testimony of a witness just because of the witness's present or former status as a law enforcement officer?

  19. You are required to apply the law I will give you even if you believe a different law should apply. If you cannot agree to what I just said, please raise your hand.

  20. Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need

not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

21. Do you have any problem with the rule of law that a defendant need not testify on his own behalf and that if a defendant chooses not to testify, that factor may not be considered by you in your deliberations?

22. Is there anything we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case, or that you suspect a trial participant would desire to know?

23. The Courtroom Deputy Clerk will give the juror in seat number one a sheet on which there is information we seek. Please pass the sheet to a potential juror near you after you respond.

Dated: November 22, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

Please State:
   a. your juror seat number;
   b. your name and educational background;
   c. the educational background of any person residing with you;
   d. your present and former occupations; and
   e. the present and former occupations of any person residing with you.